UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRECIOUS JOHNSON,<br><br>           Petitioner,<br><br>   v.<br><br>D. K. JOHNSON, Warden,<br><br>           Respondent. | 1:13-cv-01377 AWI GSA HC<br><br>ORDER DENYING MOTION FOR STAY AND ABEYANCE<br>[Doc. #3] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     On August 28, 2013, Petitioner filed her habeas petition along with the instant motion to stay the petition pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005).  A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust her state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Rhines, 544 U.S. at 277.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court

determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

In this case, the Court does not find good cause to grant the motion for stay. First, it appears the instant petition is completely unexhausted. The Court cannot stay a completely unexhausted petition. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006). Second, Petitioner states the California Supreme Court denied her petition for review on September 12, 2012. If that is the case, the statute of limitations commenced on December 12, 2012, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). Petitioner would have until December 12, 2013, to file her federal petition. In addition, Petitioner states she is currently pursuing habeas relief in state court. In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002). Thus, it appears Petitioner is well within the limitations period. The Court finds a stay in this case to be unnecessary.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for stay is DENIED.

IT IS SO ORDERED.

Dated:  **October 2, 2013**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE